JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jonathan Bernz, Robert Gray, Jonathan Pratt and Johnathan Algozzine

## DEFENDANTS
Dodson Boatyard, LLC

**(b)** County of Residence of First Listed Plaintiff   Westchester, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New London, CT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregory J. Ligelis, Esq., Robinson & Cole, LLP, 1055 Washington Boulevard, Stamford, CT 06901, (203) 462-7516, gligelis@rc.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332 and 1333
Brief description of cause:
Damage to yacht repaired by defendant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 85,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 09/04/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Gregory J. Ligelis

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN BERNZ, ROBERT GRAY, JONATHAN PRATT AND JOHNATHAN ALGOZZINE, | x: : | CIVIL ACTION NO.: 3:13-cv-1301 |
| Plaintiffs, | : | |
| -against- | : | |
| DODSON BOATYARD, LLC, | : | |
| Defendant. | x | SEPTEMBER 4, 2013 |

## COMPLAINT

Plaintiffs Jonathan Bernz, Jonathan Pratt, Robert Gray and John Algozzine, by and through undersigned counsel, as and for their complaint against the defendant, allege upon information and belief as follows:

1. All and singular the matters asserted herein are true and within the subject matter jurisdiction of this Honorable Court by virtue of 28 U.S.C. § 1332(a)(1), because the matter in controversy is between citizens of different states of the United States and exceeds $75,000 exclusive of interest and costs.

2. In the alternative, the matters asserted herein constitute an Admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and is within the subject matter of this Honorable Court by virtue of 28 U.S.C. § 1333(1).

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the defendant resides and operates a business in this District, and because the operative events described hereinafter occurred in this Judicial District, or a substantial part of property that was the subject of the within action was situated in this Judicial District.

4. Plaintiff Jonathan Bernz ("Bernz") is a natural person residing in Westchester County, New York.

5. Plaintiff Jonathan Pratt ("Pratt") is a natural person residing in Westchester County, New York.

6. Plaintiff Robert Gray ("Gray") is a natural person residing in Westchester County, New York.

7. Plaintiff John Algozzine ("Algozzine") is a natural person residing in Westchester County, New York.

8. Defendant Dodson Boatyard, LLC (hereinafter "Dodson") is a corporation or other business entity organized and existing under the laws of one of the states of the United States, with an office and place of business at 194 Water Street, Stonington, Connecticut.

9. At and during all relevant times, Dodson conducted and solicited business in and with residents of the State of Connecticut including this District.

10. At and during all relevant times, Dodson derived substantial revenue from goods and products sold, and/or services provided, in and to residents of the State of Connecticut including this District.

11.     At and during all relevant times, Dodson derived substantial revenue from interstate and international commerce, including without limitation such commerce as originated from their business dealings in the State of Connecticut.

12.     At and during all relevant times, Dodson expected or should reasonably have expected that its activities, advertisements, solicitations and business dealings could subject it to the jurisdiction of Courts within the State of Connecticut.

13.     This Honorable Court has jurisdiction over the person of defendant Dodson.

14.     At and during all relevant times, plaintiffs Bernz, Pratt and Gray were the owners of a Camper-Nicholson model 303 recreational sailboat named "SPIRIT."

15.     At and prior to relevant times, plaintiffs sailed the SPIRIT on Long Island Sound, including in way of the Connecticut shore.

16.     At all relevant times the SPIRIT was equipped with an inboard diesel auxiliary propulsion engine.

17.     At all relevant times the SPIRIT was equipped with an on-board stove which burned propane for cooking.

18.     In and around August of 2012, plaintiffs experienced intermittent problems with the diesel fuel delivery system serving the SPIRIT's diesel propulsion engine.

19.     Beginning on or about August 13, 2012, plaintiffs brought the SPIRIT to defendant Dodson in Stonington, Connecticut for diagnosis and repair by Dodson of the vessel's fuel problems.

20. Repair work to the SPIRIT's diesel fuel system was performed by Dodson at Stonington, Connecticut on August 13-14, 2012.

21. Dodson returned the SPIRIT to plaintiffs at Stonington, Connecticut on August 19, 2012, at which time plaintiffs ascertained that the vessel's diesel fuel issues had not been solved.

22. Further work was performed on the SPIRIT's diesel fuel system by defendant Dodson at its repair facility at Stonington, Connecticut during the period August 20-23, 2012.

23. The work performed by Dodson during August 20-23, 2012 included replacement of the vessel's diesel fuel tank, installation of a fuel tank level gauge, and repositioning of a fuel filter mounted below the vessel's cockpit.

24. The work performed by Dodson on the SPIRIT during the periods August 13-4 and August 20-23, 2012 resulted in charges by Dodson to plaintiffs in the combined total amount of approximately $3,165.00, which charges were paid in full by plaintiffs to Dodson.

25. Plaintiffs took redelivery of the SPIRIT from Dodson at Stonington, Connecticut on September 3, 2012, intending to navigate the vessel from Stonington to Croton-on-Hudson, New York.

26. As of the night of September 3, 2012, the SPIRIT had navigated from Stonington to Branford, Connecticut.

27.     The SPIRIT departed Branford on the morning of Tuesday, September 4, 2012, with plaintiffs Pratt and Algozzine aboard.  While motoring out of Branford harbor, shortly after 8:00 a.m., plaintiff Pratt attempted to use the vessel's propane stove to make coffee.

28.     Shortly thereafter, an explosion occurred aboard the SPIRIT, with ensuing fire located in and around the vessel's fuel tank and diesel engine.

29.     Plaintiffs Pratt and Algozzine were forced to immediately evacuate the burning vessel, and narrowly escaped serious bodily injury from the explosion and ensuing smoke and fire.

30.     By reason of the September 4, 2012 explosion and fire aboard the SPIRIT, the vessel became a total loss, and numerous items of personal property aboard the vessel were also lost.

31.     Investigation of the explosion and fire aboard the SPIRIT determined that the hose supplying propane gas to the vessel's stove, which hose passes through the area in which Dodson had performed the diesel fuel tank and delivery system repairs, had been nicked, severed or otherwise damaged.

32.     The damage to the propane hose allowed gaseous propane to escape into the SPIRIT's engine compartment, where the propane gas was then ingested by the vessel's diesel engine, leading to the explosion and fire.

33.     None of the plaintiffs performed any work, repairs or modifications to the diesel fuel or propane systems aboard the SPIRIT prior to the September 4, 2012 explosion and fire.

34. No person or entity other than Dodson performed work, repairs or modifications to the diesel fuel or propane systems aboard the SPIRIT prior to the September 4, 2012 explosion and fire.

35. No work, repairs or modifications were performed on the diesel fuel or propane systems aboard the SPIRIT after the vessel was redelivered to plaintiffs by Dodson on September 3, 2012.

36. At and prior to all relevant times, Dodson held itself out to plaintiff to be expert and competent in the repair and modification of recreational boats and their constituent systems.

37. At and prior to all relevant times, Dodson held itself out to plaintiff as possessing special knowledge and skill in and about the repair and modification of recreational boats and their constituent systems.

38. At and during all relevant times, plaintiffs were without expertise and special skills in and about the repair and modification of recreational boats and their constituent systems.

39. At and during all relevant times, plaintiffs relied on Dodson's special knowledge and skill in and about the repair and modification of recreational boats and their constituent systems.

40. At all times in carrying out the work and repairs aboard the SPIRIT in August of 2012, Dodson owed plaintiffs a duty to exercise reasonable care.

41. Dodson failed to exercise reasonable care in and about its work and repairs aboard the SPIRIT.

42. Dodson was negligent and careless in and about the repairs and modification it performed to the vessel SPIRIT in August of 2012.

43. As a direct and proximate result of Dodson's negligence and failure to exercise reasonable care, the propane delivery system aboard the SPIRIT was damaged.

44. The damage to the SPIRIT's propane system resulting from Dodson's negligence and want of reasonable care directly and proximately caused the fire and explosion aboard the said vessel on September 4, 2012, with no fault or neglect of plaintiffs contributing thereto.

45. By reason of the foregoing, the vessel SPIRIT became a total loss, and numerous items of personal property were lost.

46. By reason of the foregoing, plaintiffs were caused to incur, and did incur, numerous and extraordinary expenses, including salvage, survey, storage and investigation costs, none of which would have been necessary or incurred but for the September 4, 2012 explosion and fire aboard the SPIRIT.

47. By reason of the foregoing, plaintiffs have suffered damages in a total principal amount, as near as the same may currently be reckoned, of $85,000.

48. By reason of the foregoing, Dodson is now liable to plaintiffs in a principal amount of $85,000, together with interest thereon and costs, no part of which has been paid despite due demand therefor.

WHEREFORE plaintiffs Jonathan Bernz, Jonathan Pratt, Robert Gray and John Algozzine demand judgment in their favor and against defendant Dodson Boatyard, LLC for the damages aforesaid, together with lawful interest thereon, costs and disbursements, together with such other and further relief as to the Court shall appear just and proper.

Dated: September 4, 2013

        **PLAINTIFFS,**
        **JONATHAN BERNZ, ROBERT**
        **GRAY, JONATHAN PRATT and**
        **JONATHAN ALGOZZINE**

By: */s/ Gregory J. Ligelis*
     Gregory J. Ligelis, Jr., Esq. (ct04378)
     1055 Washington Boulevard
     Stamford, CT  06901
     Telephone: (203) 462-7516
     Facsimile: (203) 462-7599
     gligelis@rc.com

OF COUNSEL:

John T. Lillis, Jr., Esq. (0056)
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
jlillis@klselaw.com
File:  5760

8